UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM L. WIYAKASKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:10-cv-01664-LJM-DKL |
| | ) | |
| ROSS GAGE, INC., THOMAS ROSS, | ) | |
| and BRUCE MEYERS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION FOR CERTIFICATION AND NOTICE OF COLLECTIVE ACTION LAWSUIT

Pending before the Court is plaintiff's, William L. Wiyakaska ("Plaintiff"), Motion for Certification and Notice of Collective Action Lawsuit ("Motion to Certify") [Dkt. No. 36]. Plaintiff seeks certification for a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging that defendant, Ross Gage, Inc. ("Ross Gage" or "Defendant"), failed to pay hourly production workers for off-the-clock hours worked. The Court has considered the parties' arguments and **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Certify [dkt. no. 36].

## I. BACKGROUND

For the purposes of a motion for collective action certification, the Court does not inquire into the merits of the claim. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974). Instead, the allegations made in support of certification are taken as true. *Id.* With that principle in mind, the Court recites the facts as Plaintiff presents them.

Plaintiff worked as a production worker for Defendant from November 7, 2007 to

approximately November 27, 2009. Dkt. No. 36-1 ¶ 4. At that time, Plaintiff was an hourly employee working the day shift. *Id.* ¶¶ 5–6. He was required to come in a half an hour prior to the start of each shift to set up the machines. *Id.* ¶ 7. In addition, the day shift production workers, including Plaintiff, were required to wait in line to clock out for approximately five to ten minutes at the end of each shift. *Id.* ¶ 11. Plaintiff was not compensated by Defendant for this required time either before or after the start of the shift. *Id.* ¶¶ 8, 12.

During his time as a production worker on the day shift, Plaintiff observed that other day shift production workers were required to come in fifteen minutes prior to the start of each shift so managers could evaluate attendance and assign machines and duties for the shift. *Id.* ¶ 9. Based on Plaintiff's conversations with other day shift production workers, they were not paid for time worked prior to the start of their shifts, nor were they compensated for time spent waiting to clock out after the shift ended. *Id.* ¶¶ 10, 13.

From approximately November 30, 2009 to November 9, 2010, Plaintiff worked for Defendant as a supervisor on the night shift. *Id.* ¶¶ 14–15. Plaintiff observed that night shift production workers also were required to come in fifteen minutes before the start of their shifts and wait approximately five to ten minutes to clock out at the end of their shifts. *Id.* ¶¶ 16, 18. Based on Plaintiff's conversations with night shift production workers, they were not paid for any activities outside the time of their shifts. *Id.* ¶¶ 17, 19. On November 9, 2010, Plaintiff was laid off by Defendant. *Id.* ¶ 20.

Plaintiff seeks collective action certification for a collective action class defined as follows:

> All present and former non-supervisor, hourly production workers employed by Ross Gage, Inc. that have worked off-the-clock hours in a workweek on or after December 3, 2007.

Dkt. No. 36 at 1. He further seeks an order permitting notice to be served on members of the proposed class and directing Defendant to submit the names, addresses, telephonic numbers, dates of employment, location of employment, and dates of birth for all potential plaintiffs to Plaintiff within thirty days. *Id.*

Plaintiff does not address individual defendants Thomas Ross and Bruce Meyers in his briefing and gives no indication that either is responsible for the FLSA violations he asserts on a class-wide basis. Therefore, the Court only considers whether a class may be conditionally certified against defendant Ross Gage with Plaintiff as the class representative.

The Court includes additional facts below as necessary.

## II. STANDARD

The FLSA allows an action for unpaid overtime compensation to be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). FLSA collective action certification differs from certification of a class action under Rule 23 of the Federal Rules of Civil Procedure because potential FLSA collective action members must affirmatively opt in to be bound. *Carter v. Indianapolis Power & Light Co.*, No. 02-CV-01812, 2003 WL 23142183, at *2 (S.D. Ind. Dec. 23, 2003) (Barker, J.). Rule 23 and its standards, therefore, do not apply

to a collective action under the FLSA. *Id.*; *see also Ameritech Benefit Plan Comm. v. Commc'n Workers of Am.*, 220 F.3d 814, 820 (7th Cir. 2000). To opt in, a potential plaintiff must file written consent with the Court. 29 U.S.C. § 216(b). In its discretion, a District Court may authorize notice to similarly situated employees so that they may opt in to a collective action class. *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

When determining the issue of collective action certification in an FLSA claim, the Court engages in a two-step inquiry. *Cheesman v. Nexstar Broad. Grp., Inc.*, No. 07-CV-360, 2008 WL 2225617, at *2 (S.D. Ind. May 27, 2008) (Young, J.). The first step, or the notice stage, involves analysis of the pleadings and affidavits that have been submitted to determine whether notice should be given to potential class members. *Id.* The second step, which occurs after discovery has largely been completed, allows a defendant the opportunity to seek decertification of the class or restrict the class because various putative class members are not in fact similarly situated as required by the FLSA. *Id.* Therefore, a plaintiff is not required to prove his entire case to obtain initial certification; he only has the burden of proving that he is similarly situated to the other employees on whose behalf he seeks to pursue the claim. *Champneys v. Ferguson Enter., Inc.*, No. 02-CV-535, 2003 WL 1562219, at *4 (S.D. Ind. Mar. 11, 2003) (Hamilton, J.).

To decide whether to initially certify a collective action, a court must determine whether members of the proposed class are indeed "similarly situated." This does not require identical positions and claims of the putative class members. *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994); *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 617 (S.D. Tex. 1979). It merely requires that "common questions predominate" among the members of the class. *Alvarez v. City of Chi.*, 605 F.3d 445, 449 (7th Cir.

4

2010). It is sufficient if the plaintiff makes a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Lallathin v. Ro Ro Inc.*, No. 09-CV-1293, 2010 WL 2640271, at *1 (S.D. Ind. June 28, 2010) (Lawrence, J.) (citing *Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 605 (W.D. Wis. 2006)). When a plaintiff has defined the class too broadly, the court may conditionally certify a more limited class. *See, e.g., Moss v. Putnam Cnty Hosp.*, No. 10-CV-00028, 2010 WL 2985301, at *2 (S.D. Ind. July 21, 2010) (Magnus-Stinson, J.).

Courts applying the first step of the certification test have noted that it "does not impose a high burden on the plaintiff." *Lallathin*, 2010 WL 2640271 at *1. Indeed, the Court is not required to come to a "final determination" that the similarly-situated requirement has been met before authorizing notice to a conditional class. *Carter*, 2003 WL 23142183, at *3. However, this does not mean that the "modest factual showing" is a mere formality. *Nogueda v. Granite Masters, Inc.*, No. 09-CV-374, 2010 WL 1521296, at *2 (N.D. Ind. Apr. 14, 2010); *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003).

### III. DISCUSSION

#### A. USE OF HEARSAY EVIDENCE

As an initial matter, Defendant contends that Plaintiff's evidence regarding the treatment of other employees is inadmissible hearsay and, therefore, is not a permissible basis for even an initial finding that the other employees are "similarly situated." Within the Seventh Circuit, courts are split as to whether hearsay statements may be considered at the certification stage of an FLSA collective action. *Compare Molina v. First Line Solutions*,

566 F. Supp. 2d 770, 789 n.20 (N.D. Ill. 2007) (allowing hearsay evidence to be considered in determining whether to certify collective action), *with Acevado v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 555 (N.D. Ill. 2008) ("Despite the liberal standard applied at step one of conditional certification, courts still require plaintiffs to make factual allegations supported by admissible evidence."). In this district, the majority of cases have permitted the consideration of hearsay statements while factoring the hearsay nature of the nature of the statements into the overall calculus in determining whether a plaintiff produced sufficient evidence to warrant collective action certification. *See, e.g.*, *Campbell v. Advantage Sales & Mktg.*, No. 09-CV-1430, 2010 WL 3326752, at *3 (S.D. Ind. Aug. 24, 2010) (McKinney, J.); *Mares v. Caesars Entm't, Inc.*, No. 06-CV-0060, 2007 WL 118877, at *3 (S.D. Ind. Jan. 10, 2007) (Tinder, J.); *Coan v. Nightingale Home Healthcare, Inc.*, No. 05-CV-101, 2005 WL 1799454, at *1 n.1 (S.D. Ind. June 29, 2005) (Hamilton, J.). The Court concludes that the hearsay statements in Plaintiff's affidavit may be considered with due caution as to their persuasiveness given their hearsay nature.

### B. SIMILARLY SITUATED

In order for even a conditional collective action certification, Plaintiff must show that he is "similarly situated" to the members of the collective action he wishes to represent. In other words, he must make a "modest factual showing" that he and other potential plaintiffs were "victims of a common policy or plan that violated the law." *Lallathin*, 2010 WL 2640271, at *1. From November 7, 2007 until approximately November 27, 2009, Plaintiff was a non-supervisory production worker like all others in his proposed collective action. Dkt. No. 36-1 ¶¶ 4–5. Plaintiff also has shown, for purposes of collective action

certification, that he was not paid for time he was required to be present before and after his shift. *Id.* ¶¶ 8, 12. Further, Plaintiff witnessed other production workers present before and after the scheduled shift for similar reasons. *Id.* ¶¶ 9, 11, 16, 18. Although Plaintiff has presented only hearsay statements that other workers were not paid for this required time—*id.* ¶¶ 10, 13, 17, 19—these statements are supported by a reasonable inference arising from Plaintiff's other evidence. Evaluating the totality of material presented, the Court concludes that, at least for purposes of conditional certification, Plaintiff is similarly situated to members of the proposed collective action class such that he may represent them. *Cf. Lallathin*, 2010 WL 26402741, at *2 (combination of hearsay statements and lack of evidence as to FLSA violation resulted in denial of collective action certification).

Defendant argues that because Plaintiff spent at least part of his time with Defendant as a supervisor, he is not "similarly situated" to a class of non-supervisory production workers. However, it is undisputed that from November 7, 2007 until approximately November 29, 2009, Plaintiff was a non-supervisory production worker and similarly situated to others in the proposed class. Dkt. No. 36-1 ¶¶ 4–5. Defendant has provided no precedent suggesting that a collective action representative must fall within the proposed class definition for his entire employment with a defendant, and the Court has found none. Plaintiff's production worker employment falls within the proposed class definition, and the Court concludes that Plaintiff may be a collective action class representative for the proposed class.

## C. ADEQUACY OF CLASS COUNSEL

Lastly, Defendant argues that certification should be denied on the grounds that Plaintiff's counsel, Ronald Weldy, is not adequate to serve as class counsel. Although the requirements of Rule 23 certifications—including adequacy of representation—do not technically apply to FLSA collective action certification, inadequacy of representation is nevertheless a relevant equitable consideration when certifying a collective action. *In re FedEx Ground Package Sys., Inc., Emp't Practices Litig.*, 662 F. Supp. 2d 1069, 1082–83 (N.D. Ind. 2009).

In support of its contention that Mr. Weldy is not qualified to serve as class counsel, Defendant directs the Court to *Gomez v. St. Vincent Health, Inc.*, a case recently decided by the Seventh Circuit. In *Gomez*, the Seventh Circuit upheld a decision by Judge Barker to deny class certification in an ERISA action for failure to provide COBRA notices. 643 F.3d 583, 2011 WL 3559924, at *8 (7th Cir. 2011). At the trial level, Judge Barker concluded that Mr. Weldy's conduct in *Gomez* and *Pfifer-Brown v. St. Vincent Health*, a related case, rendered Mr. Weldy inadequate to serve as class counsel and denied certification accordingly. *Id.* Judge Barker noted that Mr. Weldy's "questionable work in [the *Pfifer-Brown*] case and his decision to relitigate the same issues in this court show a lack of regard for scarce judicial resources." *Gomez v. St. Vincent Health, Inc.*, No. 08-cv-153, 2009 WL 1853120, at *3 (S.D. Ind. June 25, 2009).

While the Court recognizes that other judges have concluded that Mr. Weldy is inadequate to serve as class counsel in other cases, Mr. Weldy's conduct in this matter does not indicate that he is inadequate to serve as class counsel. Both *Gomez* and *Pfifer-Brown* involve class actions governed by Rule 23 for alleged ERISA violations, while this

case involves a collective action for alleged FLSA violations not controlled by Rule 23. As of now, Mr. Weldy has not engaged in any misconduct[1] or made requests wasting scarce judicial resources. Defendant has not pointed to any of Mr. Weldy's conduct in this case that would warrant a finding of inadequacy. Therefore, the Court concludes that Mr. Weldy is adequate to serve as class counsel for the proposed collective action.

### D. NOTICE TO POTENTIAL CLASS MEMBERS

Turning to Plaintiff's proposed class definition, the Court notes that FLSA are subject to a two-year statute of limitations, which is extended to three years in cases of willful violations. 29 U.S.C. § 255. "In the case of a collective action under the FLSA, the action is commenced when a party files his or her written consent to become a part of the action." *Redman v. U.S. West Bus. Res., Inc.*, 153 F.3d 691, 695 (8th Cir. 1998); *see also Crane v. Residential CRF, Inc.*, No. 05-CV-1883, 2007 WL 3334505, at *1 (S.D. Ind. Nov. 8, 2007) (Tinder, J.). As such, Plaintiff's proposed class definition includes claims that are outside the limitations period. Therefore, instead of Plaintiff's proposed class, the Court conditionally certifies a collective action class defined as follows:

> All present and former non-supervisor, hourly production workers employed by Ross Gage, Inc. that have worked off-the-clock hours in a workweek within the past three (3) years.

As this is a conditional class certification, following the opt-in period, Defendant may challenge any opt-in plaintiffs not meeting the class definition or barred by the statute of

---

[1] The Court notes that Defendant has filed a Motion for Sanctions against Plaintiff and Mr. Weldy for failure to properly provide discovery materials. *See* dkt. no. 55. However, because the merits of Defendant's Motion for Sanctions have not been determined, the Court cannot use this as a basis for concluding that Mr. Weldy has engaged in misconduct that would warrant a finding of inadequacy to serve as class counsel.

limitations or seek decertification if it becomes clear that the collective action members are not similarly situated.

Plaintiff did not file a proposed Notice to be sent to potential plaintiffs. Therefore, the Court cannot approve such Notice at this time. Plaintiff may not submit Notice to potential plaintiffs without Court approval and is, therefore, directed to submit a proposed Notice to the Court within fifteen days of this Order. Defendant will be allowed to object to the language of the Notice before its approval.

## IV. CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Certify [Dkt. No. 36] is **GRANTED in part and DENIED in part**. The Court conditionally certifies a collective action class defined as follows:

> All present and former non-supervisor, hourly production workers employed by Ross Gage, Inc. that have worked off-the-clock hours in a workweek within the past three (3) years.

Plaintiff is **ORDERED** to submit a proposed Notice for potential opt-in plaintiffs within fifteen (15) days of this Order. Such Notice may not be sent to potential plaintiffs without Court approval. Defendant is **ORDERED** to submit the names, addresses, telephone numbers, dates of employment, location of employment, and dates of birth for all potential plaintiffs to Plaintiff or his counsel within thirty (30) days of this Order.

IT IS SO ORDERED this 28th day of September, 2011.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Lawrence M. Reuben
LAW OFFICES OF LAWRENCE M.REUBEN
reuben@reubenlaw.net

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com